UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MICHELLE N. DUNCOMBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:16-cv-00188-RLY-MPB |
| | ) | |
| ANCHOR INDUSTRIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Michelle N. Duncombe, formerly worked for Defendant, Anchor Industries Inc., as an inspector. She injured her back in February 2015, and subsequently requested leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 621 *et seq.* Defendant approved the request. Despite this approval, it then fired her for being a "no call, no show" while she was on leave. Plaintiff brings claims for (1) a violation of the FMLA, (2) retaliation, and (3) intentional infliction of emotional distress ("IIED").

Defendant now moves to dismiss Count 3 pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Rule 12(b)(6) authorizes the court to dismiss a complaint for

---

[1] Plaintiff included an affidavit as an exhibit to her response brief. Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." As the plain language of the rule suggests, a court may (1) "convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule," or (2) "exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The court has discretion in determining which option to choose. *Id.; Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009). Here, the court finds that it is appropriate to exclude all materials outside the pleadings

1

"failure to state a claim upon which relief can be granted."  "Dismissal is appropriate under that rule when the factual allegations in the complaint, accepted as true, do not state a facially plausible claim for relief."  *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The tort of intentional infliction of emotional distress ('IIED') occurs when the defendant (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another."  *Ali v. All. Home Health Care, LLC*, 53 N.E.3d 420, 433 (Ind. Ct. App. 2016) (some quotation marks omitted). "The requirements to prove this tort are rigorous."  *Westminster Presbyterian Church of Muncie v. Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (quotation marks omitted). In discussing IIED claims, Indiana courts consistently quote the Restatement (Second) of Torts with approval, which states:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 550 (Ind. Ct. App. 2015) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

---

and construe the instant motion as one to dismiss.  The court has not considered Plaintiff's affidavit in ruling on the instant motion.

Plaintiff's IIED claim arises out of her employment with Defendant.  Yet, "Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases."  *Cortezano v. Salin Bank & Tr. Co.*, 680 F.3d 936, 941 (7th Cir. 2012) (quotation marks omitted).  In *Cortezano*, the plaintiff-employee alleged that an officer of the defendant-employer "shouted directly in her face that [her husband] was 'garbage' and a 'piece of shit'" approximately one week before she was terminated. *Id.*  The Seventh Circuit concluded that while the officer's actions were "unprofessional, inappropriate, and no doubt upsetting," this conduct "did not meet the standard Indiana requires to establish extreme and outrageous conduct."  *Id.*  As a fellow district court summarized, "Generally, disciplining and terminating an employee is not severe enough to meet the standard to show extreme and outrageous conduct."  *Walton v. United States Steel Corp.*, No. 2:10-cv-188, 2012 U.S. Dist. LEXIS 180914, at *28 (N.D. Ind. Dec. 21, 2012).  Rather, the employee must show something extreme or outrageous, such as "threats, insults, harassment, or harsh language."  *Id.* at *29.  "A termination that was done matter-of-factly will not satisfy this standard."  *Id.*

Before events in the workplace can form the basis of an IIED claim, they must be atrocious, meaning that they involve facts far more extreme than those of a typical employment dispute.  Here, Plaintiff alleges nothing more than a standard FMLA violation.  Even assuming that Defendant did run afoul of the FMLA, that violation, in and of itself, would not support an IIED claim.  There are simply no facts in the Complaint to suggest that Defendant did anything that could reasonably be considered extreme and outrageous.  Plaintiff's allegations do not even rise to the level of conduct

3

found in *Cortezano*, which was insufficient to support an IIED claim.  Therefore, Plaintiff has failed to plead a plausible claim for IIED.  Defendant's Motion to Dismiss (Filing No. 11) is **GRANTED**.  Count III of the Complaint is hereby **DISMISSED**.

**SO ORDERED** this 5th day of December 2016.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.